NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MILO D. BURROUGHS,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent.*

---

2011-3118

---

Petition for review of the Merit Systems Protection Board in case no. AT3330100523-I-1.

---

Decided: October 11, 2011

---

MILO D. BURROUGHS, of Yelm, Washington, pro se.

VINCENT D. PHILLIPS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before RADER, *Chief Judge*, PROST, and MOORE, *Circuit Judges*.

PER CURIAM.

Petitioner Milo D. Burroughs appeals from the final order of the Merit Systems Protection Board (Board) dismissing some of his claims for lack of jurisdiction and denying others. *Burroughs v. Dep't of the Army*, No. AT3330100523-I-1, slip. op. at 1 (M.S.P.B. Feb. 28, 2011). For the reasons set forth below, we *affirm*.

## BACKGROUND

Mr. Burroughs, a preference-eligible veteran, applied in 2009 for a position as an aerospace engineer with the Department of the Army (Army). The position was advertised under internal merit promotion procedures and indicated that it was open only to current Army employees with competitive status. The position also required applicants to have either a bachelor's degree in professional engineering or equivalent education and experience that furnished knowledge and understanding of the physical and mathematical science techniques and applications to professional engineering. The Army placed Mr. Burroughs's application on the referral list forwarded to the selecting official. The Army, however, selected another individual for the position.

Mr. Burroughs filed a complaint with the Department of Labor asserting that the position's minimum education requirement violated his veterans' preference rights and was a prohibited personnel practice in violation of 5 C.F.R. §§ 300.101 & 300.103. The Department of Labor explained that it did not have authority to take action on Mr. Burroughs's prohibited personnel practice claims, and

suggested that Mr. Burroughs file a complaint with the Office of the Special Counsel.

Mr. Burroughs then filed a complaint with the Board asserting that the Army violated his veterans' preference rights by (1) improperly passing him over, (2) failing to apply his preference points, and (3) denying him a right to compete. Mr. Burroughs also asserted that the minimum education requirement violated his veterans' preference rights and was a prohibited personnel practice. Mr. Burroughs sought corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). The administrative judge (AJ) denied Mr. Burroughs's VEOA claims, but did not explicitly address his minimum education requirement claim. The AJ informed Mr. Burroughs that he needed to file a separate appeal if he wished to raise the prohibited personnel practice claim.

Mr. Burroughs petitioned the Board for review of the AJ's initial decision. The Board granted review and dismissed for lack of jurisdiction Mr. Burroughs's claims that the Army (1) improperly passed him over, (2) failed to apply his preference points, and (3) denied his right to compete. The Board vacated the AJ's findings on the merits with regard to these VEOA claims holding that Mr. Burroughs failed to exhaust his administrative remedies by not raising these claims before the Department of Labor. The Board denied Mr. Burroughs's claim that his VEOA preference rights were violated by the minimum education requirement. The Board forwarded Mr. Burroughs's claim that the minimum education requirement was a prohibited personnel practice to the Atlanta Regional Office for docketing as a separate appeal.

STANDARD OF REVIEW

We have jurisdiction under 28 U.S.C. § 1295(a)(9). We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review questions of law *de novo*, including whether the Board has jurisdiction to adjudicate an appeal. *Stoyanov v. Dep't of the Navy*, 474 F.3d 1377, 1379 (Fed. Cir. 2007).

DISCUSSION

The VEOA requires an individual to exhaust his administrative remedies before bringing an appeal to the Board. 5 U.S.C. § 3330a(d). Mr. Burroughs asserts that he met this requirement by filing his complaint with the Department of Labor. In his letter to the Department of Labor, Mr. Burroughs only asserted his claims concerning the minimum education requirement. Mr. Burroughs did not assert his claims that the Army (1) improperly passed him over, (2) failed to apply his preference points, or (3) denied his right to compete. The Board did not have jurisdiction over these claims because Mr. Burroughs failed to exhaust his administrative remedies by not notifying the Department of Labor of these claims. 5 U.S.C. § 3330a(d). Therefore, we affirm the Board's dismissal for lack of jurisdiction.

Mr. Burroughs also argues that the Veterans' Preferences Act of 1944 (VPA) provides a basis for jurisdiction over these claims. As we previously explained, "the [Board's] authority to entertain nonselection claims stems from the VEOA. The VPA does not provide an independ-

ent source of [Merit Systems Protection Board] jurisdiction over Mr. Burroughs's appeal." *Burroughs v. Merit Sys. Prot. Bd.*, No. 2011-3021, at 5 (Fed. Cir. June 13, 2011); *see also Burroughs v. Merit Sys. Prot. Bd.*, No. 2010-3180, at 6 (Fed. Cir. Apr. 8, 2011) ("This court has consistently held that authority for the Board to entertain claims of veterans' preference violations stems from 5 U.S.C. § 3330a, a provision of the VEOA." (citations omitted)). We are not persuaded by his argument that the Board's denial of jurisdiction effected a denial of due process. Mr. Burroughs had a full and fair opportunity to be heard on his claims under the VEOA.

Next, Mr. Burroughs argues that the agency unlawfully included a minimum education requirement in its job posting for the aerospace engineer position. His argument, however, is rebutted by the plain text of the controlling statute, 5 U.S.C. § 3308, which explains that an agency may impose a minimum education requirement when it "decides that the duties of a scientific, technical, or professional position cannot be performed by an individual who does not have a prescribed minimum education." The statute also provides that the agency must publish its reasons why the position requires a minimum education requirement. 5 U.S.C. § 3308. The aerospace position Mr. Burroughs applied for is classified under code 0861, which identifies it as a position that requires scientific or technical knowledge. The position explains that the duties include serving as a technical expert and directing a team of engineers and project pilots in a variety of aerospace technical areas, all of which require scientific and technical knowledge. Therefore, the Board correctly determined that the Army could include a minimum education requirement because the position requires scientific or technical knowledge.

## CONCLUSION

For the foregoing reasons, we conclude that the Board's decision is in accordance with the law. The decision of the Board is therefore affirmed.

## AFFIRMED