## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LARRY L. PRICE,
           Appellant,

      v.

DEPARTMENT OF HOUSING AND
   URBAN DEVELOPMENT,
           Agency.

DOCKET NUMBER
CH-4324-12-0740-I-1

DATE: August 13, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Larry L. Price</u>, Belleville, Illinois, pro se.

<u>Katherine A. Varney</u>, <u>Kristy McTighe</u>, and <u>Yuliya Levitan</u>, Kansas City,
   Kansas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his requests for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA) and the Uniformed Services Employment and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The administrative judge found that the appellant established jurisdiction over his VEOA claim concerning his nonselection for the General Engineer position.[2] Initial Appeal File (IAF), Tab 42, ID at 2. The administrative judge also found that the appellant established jurisdiction over his USERRA claims that the agency discriminated against him on the basis of his military service when it declined to select him for the General Engineer position, which was advertised under dual authorities, and when it canceled its advertised vacancy for the Project Manager position without filling it, only to later fill the position via the "hardship transfer" of an existing employee. ID at 6.

---

[2] The administrative judge found that the appellant failed to demonstrate that he exhausted his administrative remedies with the Department of Labor concerning his nonselection for the Program Analyst and Construction Analyst positions. Initial Decision (ID) at 2 n.1.

¶3     The administrative judge held a hearing and denied corrective action under both VEOA and USERRA. He found that the appellant did not establish that the agency violated his rights under VEOA when it did not select him for the General Engineer position. ID at 6. Specifically, the administrative judge found that the agency afforded the appellant a right to compete under merit promotion procedures and that the agency's failure to issue a certificate under the delegated examining unit (DEU) procedures did not violate the appellant's veterans' preference rights. ID at 3-5. Further, he found that the agency did not violate the appellant's veterans' preference rights when it determined that he did not meet the minimum educational requirements set by the Office of Personnel Management (OPM) for the General Engineer position. ID at 5-6 n.5. Concerning the appellant's USERRA claim, the administrative judge found that the appellant provided no evidence that his nonselections to the General Engineer and Project Manager positions were motivated by discrimination based on his military service. ID at 6-10.

¶4     The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed an opposition to the petition for review. PFR File, Tab 4. For the following reasons, we affirm the administrative judge's decision to deny corrective action.

## ANALYSIS

<u>The administrative judge correctly analyzed the appellant's VEOA claim concerning the General Engineer position.</u>

¶5     On review, the appellant challenges the administrative judge's factual findings, legal conclusions, and discovery rulings regarding his VEOA claim. First, the appellant argues that the administrative judge did not adequately address his argument that the agency violated his veterans' preference rights when it failed to issue a DEU certificate with his veterans' preference points that would have placed him above the other candidates for the position. PFR File, Tab 1 at 1-2. He further argues that the agency improperly passed him over and

that the agency improperly deemed him unqualified for the position because he lacked sufficient years of education. *Id.* at 5-7. Second, he makes several arguments regarding violations of rules and procedures in the adjudication of his appeal, including alleged errors in discovery rulings. *Id.* at 3-5. The appellant also argues that the selecting official "lied" about her justification for selecting an individual who, according to the appellant, was not qualified for the General Engineer position. *Id.* at 8-9. The appellant asserts that, contrary to the agency's claim, the evidence reflects that a DEU certificate for the General Engineer position was prepared and issued with the appellant at the top of the certificate. *Id.* at 9.

¶6    As the administrative judge found, the appellant was given the opportunity to compete for the position under merit promotion procedures.[3] Under such procedures, the agency was not obligated to provide any other preference to the appellant other than an opportunity to compete. *See Joseph v. Federal Trade Commission*, 505 F.3d 1380, 1383-84 (Fed. Cir. 2007). Further, when an agency advertises a vacancy under both merit promotion and open competitive procedures, it does not violate veterans' preference rights when it makes its selection exclusively under merit promotion procedures. *Id.* at 1384-85. Thus, regardless of any actions under the DEU procedures,[4] the agency did not violate the appellant's veterans' preference rights when it used the merit promotion procedures to fill the position.

¶7    Concerning the appellant's argument that he was qualified for the position even though the agency determined that he did not meet the minimum education

---

[3] The appellant does not dispute that he was given the opportunity to compete for the position under merit promotion procedures.

[4] Although the appellant asserts that the agency did issue a certificate under the DEU procedures, PFR File, Tab 1 at 9, the record does not support his assertion. Regardless, whether the agency issued a certificate under the DEU procedures is irrelevant given that it made a selection through the merit promotion procedures and was not obligated to pursue the DEU process.

requirements, the appellant relies upon 38 U.S.C. § 4214, which states, in part, that "(A) such an appointment may be made up to and including the level GS-11 or its equivalent; (B) a veteran shall be eligible for such an appointment without regard to the number of years of education completed by such veteran." 38 U.S.C. § 4214(b)(1)(A)-(B) (emphasis added).  It is undisputed, however, that the General Engineer position was a level GS-12/13.  IAF, Tab 12, Subtabs 2j, 2k.  Therefore, this provision does not apply to the General Engineer position.  Further, the appellant provides no meaningful challenge to the administrative judge's finding that the agency properly set the minimum education requirement for the position.  ID at 5 n.5.  An agency may impose a minimum education requirement when it "decides that the duties of a scientific, technical, or professional position cannot be performed by an individual who does not have a prescribed minimum education."  5 U.S.C. § 3308; *see Burroughs v. Department of the Army*, 115 M.S.P.R. 656, ¶¶ 12-13, *aff'd*, 445 F. App'x 347 (Fed. Cir. 2011).  Further, OPM has minimum education guidelines for the General Engineer position, which is in the 0800 series for professional engineering positions.[5]  *Id.*, ¶ 13.

¶8         The appellant also contends that the administrative judge erred in denying his witness request to elicit the testimony of the Deputy Assistant Secretary for Field Operations.  The Deputy Assistant Secretary provided a declaration concerning the vacancy announcement for the General Engineer position.  IAF, Tab 37, Witnesses List at 2; PFR File, Tab 1 at 4.  The declaration concerned the need for the General Engineer position to be filled by individuals with the requisite education and professional experience.  IAF, Tab 38, Exhibit (Ex.) 7 at 21-22.  We agree with the administrative judge's finding that such testimony

---

[5] *See* OPM's General Schedule Qualification Standards, All Professional Engineering Positions, 0800, available at http://www.opm.gov/policy-data-oversight/classification-qualifications/general-schedule-qualification-standards/0800/all-professional-engineering-positions-0800/.

was not relevant to the issues to be decided at the hearing. As we discussed above, the agency's minimum education requirement was proper because of the nature of the position.

¶9 Finally, the appellant argues that the selecting official for the General Engineer position lied in her deposition about who was most qualified. The deposition transcript reflects that she testified that the appellant "probably" had more years of experience "doing cost estimates, reviewing specifications, drawing and bid documents" but that the selectee was more qualified for the position because he had an engineering degree. IAF, Tab 37, Subtab O at 60; PFR File, Tab 1 at 9. We have reviewed the portions of the deposition identified by the appellant and disagree with his characterization of the testimony as an admission that the selectee was not qualified. PFR File, Tab 1 at 9; IAF, Tab 37, Subtab R at 23-42. The selecting official also stated that the appellant was not qualified for the position because he lacked the combination of education and experience required for the General Engineer position. IAF, Tab 37, Subtab R at 42-45. Further, the administrative judge found her hearing testimony consistent and credible, and we discern no reason to disturb such findings. ID at 4-6. We find, therefore, that the administrative judge appropriately weighed the record evidence to resolve the conflicting opinions regarding the appellant's qualifications for the General Engineer position.[6] PFR File, Tab 1 at 8; ID at 8.

¶10 Thus, we affirm the administrative judge's finding that the appellant did not establish a violation of his veterans' preference rights.

The administrative judge correctly analyzed the appellant's USERRA claims.

¶11 Regarding the appellant's USERRA claims, the appellant argues that the administrative judge improperly disallowed two of his proffered witnesses. PFR

---

[6] The appellant has not demonstrated that the resume of an agency engineer, which he attaches to his petition for review, was unavailable to him before the close of the record below. PFR File, Tab 1 at 13, Ex. A; *see Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); *see also* PFR File, Tab 4 at 13.

File, Tab 1 at 4. One of the witnesses, however, was not listed on the appellant's list of witnesses attached to his prehearing submission; consequently, the administrative judge made no ruling on this particular witness. IAF, Tab 37, Witnesses List. The administrative judge ruled that the other witness was not relevant, and we agree. IAF, Tab 39 at 4. The appellant sought to question the individual who was reassigned to the Project Manager position in order to "determine all the particular[s] and time frames by which he was appointed to the position." IAF, Tab 37, Witnesses List at 2. The record shows that the selecting official elected to not hire anyone from the certificates of eligibles issued for the position because none of the applicants, including the appellant, had the qualifications that they were seeking for the position. The selecting official specifically stated that the appellant did not have relevant experience in asset management, which was highly preferred for the position. IAF, Tab 12, Subtab 2b. Accordingly, the selecting official returned the certificates with "no action taken." About 6 months later, the selecting official agreed to accept a noncompetitive lateral reassignment of an employee as a "hardship transfer."[7] *Id.* Although the employee also was not trained in asset management, the selecting official accepted the reassignment based on his favorable educational background, a PhD, and his good professional reputation within the agency. *Id.* The issue presented here was whether the agency discriminated against the appellant based on his military service when it declined to select him for the position. The appellant has not argued how the testimony of this employee, who was transferred to the position more than 6 months after the appellant's nonselection, would have

---

[7] A "hardship transfer" is a term of art referring to a noncompetitive reassignment of an employee under 5 C.F.R. part 335 because of a serious medical condition that affects the health and welfare of a family member of an employee. Hardship Reassignment Policy and Procedures, HUD Handbook 650-1, July 2010. Under these procedures, the agency may exercise its discretion to noncompetitively reassign an employee to a vacant position as long as the employee meets the minimum qualifications of the position, the position is of an equivalent or lower grade, and the position does not have greater promotion potential than the employee's current position. *Id.*

been relevant to this appeal. PFR File, Tab 1 at 4. Furthermore, the administrative judge approved as a witness the selecting official, who also approved the reassignment. Therefore, the appellant had the opportunity to elicit testimony directly from her concerning the details of the hardship transfer, including whether it was motivated by discriminatory animus. IAF, Tab 39 at 4.

¶12 The record reflects that the appellant filed multiple motions to compel. IAF, Tabs 17, 23, 26, 29, 32, 35. The administrative judge denied them for failure to involve discovery reasonably calculated to lead to admissible evidence. IAF, Tab 35 at 5. Although the appellant objects to the denial of his motions, he only specifically objects to the denial of his motion to compel documents relating to the hardship transfer to the Project Manager position. PFR File, Tab 1 at 4. The administrative judge found that the agency's witness credibly testified about the circumstances surrounding the hardship transfer, including that she was compelled to honor the hardship transfer request from the employee despite the fact that he did not have the asset management experience that is preferred for the position. ID at 9. The appellant does not argue how any additional details surrounding the hardship transfer could have demonstrated that the agency's failure to select him for the Project Manager position was motivated by discriminatory animus based on his military service or status. Thus, we find that the administrative judge did not abuse his discretion in denying the appellant's motions to compel. *See Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 7 (2010).

¶13 Finally, the appellant argues that the administrative judge failed to make a finding to resolve the two conflicting declarations in the record concerning who actually reviewed the applications for the Project Manager position. PFR File, Tab 1 at 10-12; IAF, Tab 37, Subtab Y (declaration of selecting official). We find, however, that the administrative judge carefully considered the testimony of the selecting official, in addition to her declaration, and found her a credible

witness.  ID at 8-10.  Further, the selecting official's declaration explained the discrepancy in the record.  IAF, Tab 37, Subtab Y.

¶14    For the foregoing reasons, we affirm the administrative judge's decision to deny corrective action under USERRA and VEOA.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

      If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:          _____

                                William D. Spencer

                                Clerk of the Board

Washington, D.C.