**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SHAWN M. TINNEY,
          Appellant,

          v.

DEPARTMENT OF THE NAVY,
          Agency.

DOCKET NUMBER
AT-3330-14-0833-I-1

DATE: February 25, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shawn M. Tinney, Orlando, Florida, pro se.

Obisia Rodriguez, Gulfport, Mississippi, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction in part, and denied his request for corrective action in part, his appeal under the Veterans Employment Opportunities Act (VEOA). Generally, we grant petitions such as this one only when: the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      The appellant, a 10-point veteran, Initial Appeal File (IAF), Tab 1 at 10, was previously employed by the Department of the Army as a GS-7 Firefighter.  In May 2013, the agency issued a vacancy announcement for a GS-7 Firefighter, two positions, seeking as applicants current, permanent Department of Defense (DOD) employees and Veterans' Recruitment Appointment (VRA) eligibles.  *Id.*, Tab 18 at 13-19.  The appellant applied and made the certificate of eligibles.  *Id.*, Tab 1 at 12.  However, the agency canceled the announcement without making a selection.  *Id.* at 13.  In August 2013, the agency reissued the announcement, *id.*, Tab 18 at 5-11, and again the appellant applied.  This time, he was not referred on the basis that he had failed to submit a required certification.  *Id.*, Tab 1 at 18-19.  In March 2014, the agency again issued a vacancy announcement for a GS-7 Firefighter, two positions, seeking as applicants current, permanent DOD employees, VRA eligibles, and 30% or more disabled veterans.  *Id.*, Tab 18 at 21-27.  The appellant applied, *id.* at 28, and made the certificate of eligibles but was not selected.  *Id.* at 29.  In May 2014, he filed a complaint with the Department of Labor (DOL) challenging his 2014 nonselection, arguing that the

agency failed to apply his veterans' preference and improperly selected a nonveteran. *Id.*, Tab 8 at 4-6. He also alleged that the agency improperly failed to retain his earlier applications and consider them in connection with the 2014 announcement. *Id.* at 6. On June 30, 2014, DOL Veterans' Employment and Training Service issued a decision finding that two certificates were prepared in connection with the 2014 vacancy announcement, a merit promotion certificate and a VEOA certificate, that the selecting official exercised his discretion to make the selections from the merit promotion certificate, and that therefore there was no violation of the appellant's veterans' preference rights. *Id.*, Tab 1 at 35.

¶3      On appeal, the appellant repeated his claims that the agency violated his veterans' preference rights through all three selection processes and that the violation included the agency's failure to keep his earlier applications on file for 3 years in accordance with the Office of Personnel Management's Delegated Examining Operations Handbook (OPM Handbook). As to the 2014 nonselection, the appellant argued that, in selecting a nonveteran, the agency failed to comply with regulations for passing over a veteran. *Id.*, Tab 1. He requested a hearing. *Id.* at 2. The administrative judge issued a comprehensive VEOA jurisdictional order to which she directed the appellant to respond, *id.*, Tab 3, but he failed to do so. Finding that there did not appear to be a factual dispute requiring a hearing, the administrative judge set a date for the close of the record. *Id.*, Tab 6. Both parties filed additional submissions. *Id.*, Tabs 8-11, 15, 17-18, 20.

¶4      In her initial decision, the administrative judge first addressed the 2013 nonselections and the appellant's claim that the agency failed to maintain his earlier applications for 3 years in violation of the OPM Handbook. *Id.*, Tab 21, Initial Decision (ID) at 2. As to these issues, she found that the appellant failed to satisfy the VEOA exhaustion requirement. ID at 2-3. She further found that, even if the appellant had satisfied the exhaustion requirement regarding his claim that the agency failed to retain and refer his applications for a period of 3 years, such a claim does not constitute a nonfrivolous allegation of a violation of statute

or regulation sufficient to satisfy VEOA jurisdictional requirements. ID at 3-4; 5 U.S.C. § 3330a(a)(1)(B), (d)(1). Accordingly, the administrative judge dismissed for lack of jurisdiction the appellant's claims as to the 2013 nonselections and the alleged violation of the OPM Handbook. ID at 4. She then addressed the 2014 nonselection. She found that the appellant established the Board's jurisdiction over this claim, ID at 4, that the agency used a Merit Promotion Certificate of Eligibles to make the selections, and that, under 5 U.S.C. § 3304(f), the appellant was entitled to apply and to be considered for the positions but not otherwise to receive special treatment. ID at 4-5. The administrative judge found that the agency was free to select a nonveteran and did not have to use pass-over procedures to do so and that therefore the appellant failed to show that the agency violated his veterans' preference rights in making those selections. ID at 5. As to that nonselection, therefore, the administrative judge denied the appellant's request for corrective action. ID at 6.

¶5    The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, the agency has filed a response, *id.*, Tab 3, and the appellant has replied to that response, *id.*, Tab 4.

¶6    The appellant argues that, contrary to the administrative judge's finding, he did exhaust before DOL his claim that the agency failed to maintain his earlier applications for 3 years in violation of the OPM Handbook.[2] *Id.*, Tab 1 at 6. In support of his position, the appellant points to language in his complaint to DOL wherein he cited as error the agency's failure to retain his first application and include it before reannouncing the vacancy later in 2013 and again in 2014. *Id.*,

---

[2] The appellant does not specifically dispute the administrative judge's finding that he failed to establish exhaustion with regard to the two 2013 nonselections. Because we find no basis to disturb that finding, we also find no basis to disturb her further finding that it was unnecessary for her to address the issue of equitable tolling because it was not relevant to the proceedings as to those two nonselections. ID at 4 n.2; PFR File, Tab 1 at 7. It was not the appellant's failure to file his DOL complaint within the statutory 60-day period, 5 U.S.C. § 3330a(a)(2)(A), that foreclosed the Board from exercising jurisdiction over his appeal regarding the two 2013 nonselections.

Tab 8 at 6. Although the appellant made that claim in his DOL complaint, he did not identify therein any statute or regulation relating to veterans' preference that the agency allegedly violated in failing to maintain his earlier application. While the Board uses a liberal pleading standard for allegations of veterans' preference violation in a VEOA appeal, *see Slater v. U.S. Postal Service*, 112 M.S.P.R. 28, ¶ 6 (2009), evidence of the exhaustion requirement is mandatory under the statute and is not subject to the same liberal construction. *See* 5 U.S.C. § 3330a(d); *Burroughs v. Department of the Army*, 115 M.S.P.R. 656, ¶ 10, *aff'd*, 445 F. App'x 347 (Fed. Cir. 2011). As such, we agree with the administrative judge that the appellant's reference in his complaint was insufficient to inform DOL of any particular alleged veterans' preference violation and that he therefore did not show error in the administrative judge's finding that he failed to exhaust his remedy with DOL as to his claim that the agency did not maintain his earlier applications.[3] *See Graves v. Department of Veterans Affairs*, 117 M.S.P.R. 491, ¶ 11 (2012).

¶7     The appellant argues on review that the agency failed to show that any of the three certificates were merit promotion certificates. PFR File, Tab 1 at 7-8. Because we have agreed with the administrative judge that the appellant did not exhaust before DOL his claim regarding the two 2013 nonselections, it is only the 2014 nonselection that is at issue. And while the appellant urges that the agency's evidence does not constitute proof, the vacancy announcement solicited applications from current DOD employees, VRA eligibles, and 30% or more disabled veterans. IAF, Tab 18 at 21. It did not solicit applications from all sources. Therefore, the selection process at issue was a merit promotion process. *See Perkins v. U.S. Postal Service*, 100 M.S.P.R. 48, ¶¶ 9-10 (2005). Moreover,

---

[3] Based on our finding that, regarding this matter, the appellant failed to exhaust his remedy with DOL, we need not address his claim on appeal and on petition for review that in failing to maintain his earlier applications the agency violated the OPM Handbook.

we note that the agency submitted the control sheet for the certificate of eligibles for the 2014 selection and the certificate itself, and they both reflect that the selection was made under merit promotion procedures.  IAF, Tab 20 at 4, 5-16. The certificate includes the appellant's name, *id.* at 15, and shows that the agency hired four individuals off of that certificate, three veterans and a nonveteran.[4]  *Id.* at 9, 13, 16.  In sum, the appellant has not shown error in the administrative judge's finding that the appellant was allowed to compete under that vacancy, which he did, and that the agency was free to select anyone from that register. *See Perkins*, 100 M.S.P.R. 48, ¶ 9.

¶8        Finally, the appellant raises an issue concerning discovery, specifically, the way in which the administrative judge ruled on his motion to compel, and he also challenges her failure to rule on his motion to extend the close of the record.  PFR File, Tab 1 at 5-6.  The appellant filed below a motion to compel the agency to provide a copy of its policy doctrine concerning merit promotion job advertisements, an explanation for the number of job offers made in connection with the 2014 vacancy announcement, hiring certificates for all GS-7 Firefighter positions filled during the last 18 months, and information related to any panel convened for the 2014 selection.  IAF, Tab 14.  The administrative judge denied the motion on the basis that the appellant had not filed a proper discovery request. ID at 6 n.3.  The appellant has not argued that he did so.  The Board's regulations provide that parties seeking discovery must start the process by serving a request for discovery on the representative of the other party in a specific manner, 5 C.F.R. § 1201.73(a), and only if the other party fails or refuses to respond in full to a discovery request may the requesting party file a motion to compel, 5 C.F.R. § 1201.73(c).  Because the appellant has not shown that he initiated discovery in accordance with the Board's regulations, his motion to compel was not properly before the administrative judge, and she did not abuse her discretion

---

[4] The announcement provided that it could be used to fill additional vacancies beyond the two for which it initially sought applications.  IAF, Tab 18 at 25.

in denying it on that basis. In any event, the appellant has not shown how the information he sought to discover would have changed the result in his appeal. *See Russell v. Equal Employment Opportunity Commission*, 110 M.S.P.R. 557, ¶ 15 (2009). Regarding the appellant's motion to extend the close of the record, the record reflects that the administrative judge issued an order on August 28, 2014, stating that the record would close on September 12, 2014. IAF, Tab 6. After making several submissions, *id.*, Tabs 8-11, the appellant, on September 11, 2014, requested an extension of the close of the record date to allow the agency to respond to information he claims he had requested during a September 9, 2014 telephonic status conference.[5] *Id.*, Tab 12. To the extent that the administrative judge erred in failing to rule on the appellant's motion, he has failed to show, or even argue, how his substantive rights were prejudiced, and therefore any such error provides no basis for reversal of the initial decision.[6] *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

---

[5] Some of this information was included in the appellant's contemporaneously filed motion to compel. IAF, Tab 14.

[6] In his reply to the agency's response to his petition for review, the appellant references a Merit Systems Protection Board study from 2002, The Federal Merit Promotion Program: Process vs. Outcome. PFR File, Tab 4 at 5. The study is not new evidence, and therefore we will not consider it. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant also argues for the first time that the agency's hiring should be considered as from a register, a process to which veterans' preference does apply. PFR File, Tab 4 at 6-7. Such new allegations may not be raised in a reply to a response to a petition for review. 5 C.F.R. § 1201.114(a)(4).

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                            _____
                                          William D. Spencer
                                          Clerk of the Board

Washington, D.C.