# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ORLANDO PEREZ,
                Appellant,

        v.

DEPARTMENT OF JUSTICE,
                Agency.

DOCKET NUMBER
DA-3443-15-0125-I-1

DATE: August 7, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Orlando Perez</u>, El Paso, Texas, pro se.

<u>K. Tyson Shaw</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal challenging agency actions that resulted in his nonselection for promotions and other career development opportunities. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the appeal to the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regional office for further adjudication under the Veterans Employment Opportunities Act of 1998 (VEOA) and the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA).

## BACKGROUND

¶2    The appellant filed an appeal alleging that he had not been selected for numerous positions and other favorable career development opportunities in violation of his veterans' preference rights. Initial Appeal File (IAF), Tab 1. He also alleged that these nonselections were the result of discrimination and retaliation for protected equal employment opportunity activity. *Id.*

¶3    The administrative judge issued an acknowledgment order stating that the Board could have jurisdiction over his nonselections under the Whistleblower Protection Act, USERRA, or VEOA, and she ordered the appellant to file evidence and argument to establish that the agency's actions were within the Board's jurisdiction. IAF, Tab 2. The administrative judge issued a separate order that informed the appellant of what he must allege to establish the Board's jurisdiction under VEOA. IAF, Tab 3. She specifically ordered him to submit evidence and argument to prove that he had exhausted the U.S. Department of Labor (DOL) complaint process and to provide a statement that would satisfy his burden regarding the other jurisdictional requirements for a VEOA claim. *Id.* at 6-7. The appellant responded that the agency violated his veterans' preference rights by not selecting him ahead of those without veterans' preference and not giving proper credit to his applications. IAF, Tab 6 at 4-5. The appellant also stated that he elected not to file with DOL and instead filed a "mixed case" directly with the Board under 5 C.F.R. § 1201.154(b). *Id.*

¶4    The administrative judge issued an initial decision, without holding a hearing, finding that the appellant's nonselection claims were not independently appealable to the Board and that the appellant had failed to establish the Board's

jurisdiction under VEOA because he had not shown he exhausted his remedies before DOL.  IAF, Tab 13, Initial Decision (ID).

¶5    The appellant has filed a petition for review, alleging among other things that, after the initial decision was issued, he received a letter from DOL closing its investigation into his veterans' preference complaint.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response in opposition to the petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The Board has jurisdiction over the appellant's request for corrective action under VEOA concerning the complaint he exhausted with DOL.</u>

¶6    To establish the Board's jurisdiction under VEOA based on an alleged violation of veterans' preference rights, the appellant must:  (1) show that he exhausted his remedy with DOL; and (2) make a nonfrivolous allegation that (a) he is a preference eligible within the meaning of VEOA, (b) the action at issue took place on or after the October 30, 1998 enactment of VEOA, and (c) the agency violated his rights under a statute or regulation relating to veterans' preference.  *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 6 (2008).  An appellant need not state a claim upon which relief can be granted for the Board to have jurisdiction over a VEOA claim.  *Id.*  The Board has held that an allegation in general terms that an appellant's veterans' preference rights were violated is sufficient to meet the nonfrivolous allegation requirement.  *Id.*, ¶ 7.

¶7    To meet the VEOA's requirement that he exhaust his remedy with DOL, the appellant must establish that:  (1) he filed a complaint with the Secretary of Labor; and (2) the Secretary of Labor was unable to resolve the complaint within 60 days or has issued a written notification that the Secretary's efforts have not resulted in resolution of the complaint.  *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 7 (2007).  The record shows that the appellant filed his appeal without first exhausting the DOL complaint process.  IAF, Tab 6 at 4-5.

Thus, the administrative judge appropriately determined that the Board lacked jurisdiction over this appeal pursuant to VEOA. ID at 4. The appellant has filed new evidence on review showing that he has now exhausted the DOL complaint process concerning his nonselection for a position under vacancy announcement LAT-2014-0043.[2] PFR File, Tab 1 at 7.

¶8 The remaining requirements for establishing the Board's jurisdiction under VEOA also have been met. The appellant made a nonfrivolous allegation that he is a preference eligible within the meaning of VEOA. IAF, Tab 1, Exhibit 2. The actions at issue took place after the October 30, 1998 enactment of VEOA. IAF, Tab 7 at 43-46. The appellant claimed that the agency failed to properly credit his experience pursuant to 5 U.S.C. § 3311 and 5 C.F.R. § 337.101 and that he had superior experience compared to the selectee. IAF, Tab 1 at 6 of 15, Tab 6 at 5, Tab 9 at 5. Thus, we find that the appellant nonfrivolously alleged that the agency violated his rights under a statute or regulation relating to veterans' preference. *See Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 7 (2014) (the appellant's nonfrivolous allegations that the agency did not comply with 5 U.S.C. § 3311 and 5 C.F.R. § 302.302 by failing to consider the full extent of his military and civilian experiences when reviewing his application were sufficient to establish jurisdiction under VEOA); *Haasz*, 108 M.S.P.R. 349, ¶ 7 (an appellant's allegation, in general terms, that his veterans' preference rights were violated is sufficient to meet the nonfrivolous allegation requirement).

¶9 Although the appellant prematurely filed his appeal below prior to exhausting his remedies before DOL, the Board's practice is to adjudicate an

[2] The Board will not consider evidence submitted for the first time with the petition for review absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision and that it was unavailable before the record was closed despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980); 5 C.F.R. § 1201.115. Because the appellant's new evidence is dated after issuance of the initial decision and the information it contains was unavailable before the record closed, and because it is material, we have considered it on review.

appeal that was premature when filed but becomes timely while pending. *See Wooten v. Department of Veterans Affairs*, 96 M.S.P.R. 671, ¶ 9 (2004). Because the appellant filed his new evidence with the Board on April 5, 2015, which is within 15 days after the date he received it, his appeal is timely. PFR File, Tab 1 at 7; *see* 5 U.S.C. § 3330a(d)(1) (requiring that a VEOA appeal be filed within 15 days after the date the complainant receives written notice from DOL of the results of its investigation). Therefore, the appellant has now exhausted the DOL complaint process as to a single vacancy announcement, vacancy announcement LAT-2014-0043, and he may now pursue a VEOA appeal regarding that nonselection before the Board and we must remand the appeal for that purpose. *See Wooten*, 96 M.S.P.R. 671, ¶ 9.

¶10        We note that the DOL letter refers to this vacancy as a "merit promotion." PFR File, Tab 1 at 7. An individual is not entitled to veterans' preference points under merit promotion procedures, *e.g.*, *Dean v. Consumer Product Safety Commission*, 108 M.S.P.R. 137, ¶ 11 (2008); however, a preference-eligible employee may be entitled to veterans' preference in an open competitive examination process, *Perkins v. U.S. Postal Service*, 100 M.S.P.R. 48, ¶¶ 20-21 (2005). The Board may decide a VEOA appeal on the merits without holding a hearing where there is no genuine dispute of material fact and one party must prevail as a matter of law once the record has been adequately developed. *Haasz*, 108 M.S.P.R. 349, ¶¶ 9-10. We decline to rule on the merits at this time, however, because the record has not been adequately developed. The jurisdictional order issued below stated that, if the appellant established jurisdiction, the parties would have an opportunity to submit evidence and arguments on the merits of the appeal at a hearing or through further development of the written record. IAF, Tab 3 at 7. The parties should be given notice and an opportunity to make submissions regarding the merits of the appeal prior to the issuance of a decision on the merits. *See Jarrard v. Department of Justice*,

113 M.S.P.R. 502, ¶ 11 (2010). Thus, under the circumstances, remand is appropriate.

¶11    Although the Board uses a liberal pleading standard for allegations of veterans' preference violations in VEOA appeals, evidence of the exhaustion requirement is mandatory under the statute and is not subject to the same liberal construction. *Burroughs v. Department of the Army*, 115 M.S.P.R. 656, ¶ 10, *aff'd*, 445 F. App'x 347 (Fed. Cir. 2011), *and overruled on other grounds by Dean v. Department of Labor*, 122 M.S.P.R. 276, ¶ 15 (2015). Because the appellant has not filed any evidence that he exhausted the DOL complaint process regarding his other nonselection claims, the Board lacks jurisdiction over these claims. *See id*. Accordingly, in the remand initial decision, the administrative judge may incorporate his prior jurisdictional finding that the appellant failed to exhaust his remedy with DOL regarding the VEOA claims that he was denied veterans' preference when he was not selected for the Trust Fund Program Specialist position advertised under vacancy announcement LAT-2013-0054, IAF, Tab 1 at 7 of 15, the Senior Officer Specialist positions advertised under vacancy announcements LAT-2013-0049, LAT-2010-0018, LAT-2010-0017, and LAT-2009-0034, *id.* at 9-11 of 15, and any other unspecified positions that comprise the twenty-two times the appellant alleges he was "passed over" for promotions and other favorable work experiences, *id.* at 3 of 15.

The appeal may raise a claim under USERRA.

¶12    USERRA provides, in relevant part, that a person who has performed service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment on the basis of that performance of service. 38 U.S.C. § 4311(a). To establish the Board's jurisdiction over a USERRA discrimination claim arising under 38 U.S.C. § 4311(a), the appellant must allege the following: (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment,

retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service. *Wilson v. Department of the Army*, [111 M.S.P.R. 54](#), ¶ 8 (2009). It is well established that a claim of discrimination under USERRA should be broadly and liberally construed in determining whether it is nonfrivolous, particularly where, as here, the appellant is pro se. *Id.*, ¶ 9.

¶13 The appellant alleged that the agency discriminated against him based on his status as a disabled veteran. IAF, Tab 1 at 4 of 15. He also alleged that his qualifications are superior to those of the nonveteran selectees. *Id.* at 3 of 15. He may have been attempting to raise a USERRA discrimination claim based on his status as a veteran rather than, or in addition to, a VEOA claim. *See Nahoney v. U.S. Postal Service*, [112 M.S.P.R. 93](#), ¶ 19 (2009) (remanding for further adjudication concerning the potential USERRA claim, even though the appellant never explicitly raised such a claim and only completed the sections of the initial appeal form pertaining to VEOA). The appellant's claim that his qualifications were far superior to the selectees' evinces his belief that the agency's reasons for not selecting him are pretextual. *See Patterson v. Department of the Interior*, [424 F.3d 1151](#), 1161 (Fed. Cir. 2005). Accordingly, on remand, the administrative judge should provide the appellant with adequate notice of what is required to establish the Board's jurisdiction under USERRA and adjudicate such a claim as appropriate.[3]

The Board lacks jurisdiction to consider the prohibited personnel practices, discrimination, retaliation, and unfair labor practice claims in this appeal.

¶14 The appellant has raised prohibited personnel practices, discrimination, retaliation, and unfair labor practices claims in his appeal. IAF, Tab 1. He

[3] On review, the appellant asserts he was denied discovery prior to issuance of the initial decision. PFR File, Tab 1 at 3. Although the appellant has not shown he was prejudiced by any discovery rulings in connection with the jurisdictional issues addressed in the initial decision, the administrative judge shall allow for appropriate discovery regarding the remaining VEOA and USERRA issues on remand.

continues to argue on review that his claims are not limited to VEOA. PFR File, Tab 1 at 3. The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Nonselections are not directly appealable to the Board and claims of prohibited personnel practices do not provide independent bases for the Board's jurisdiction. *See Davis*, 105 M.S.P.R. 604, ¶ 15; *see also Harrison v. Department of Transportation*, 16 M.S.P.R. 135, 136 n.1 (1983) (no law, rule, or regulation has created an independent right to appeal a claim of an agency's unfair labor practice to the Board). In VEOA and USERRA appeals the Board cannot consider claims of prohibited discrimination under 5 U.S.C. § 2302(b)(1) because neither statute grants the Board the authority to consider those claims. *Davis*, 105 M.S.P.R. 604, ¶ 16. Accordingly, the Board does not have jurisdiction to review the appellant's claims of prohibited personnel practices, discrimination, retaliation, and unfair labor practices except to the extent necessary to adjudicate his VEOA and USERRA claims. *See Lazaro v. Department of Veterans Affairs*, 666 F.3d 1316, 1320 (Fed. Cir. 2012); *Metzenbaum v. Department of Justice*, 89 M.S.P.R. 285, ¶ 15 (2001).

## ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.