# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARLON HOLLOWAY,
             Appellant,

        v.

DEPARTMENT OF THE AIR FORCE,
             Agency.

DOCKET NUMBER
AT-3330-15-0642-I-1

DATE: February 26, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

Marlon Holloway, Birmingham, Alabama, pro se.

Daniel J. Watson and Leah Eccles Watson, Eglin Air Force Base, Florida,
    for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal challenging agency actions that resulted in his nonselection for announced job vacancies. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the case to the regional office for further adjudication under the Veterans Employment Opportunities Act of 1998 (VEOA).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The appellant filed an appeal alleging that he is a preference-eligible veteran and that the agency failed to consider his training and experience when the agency did not select him under job announcements for vacant Locksmith positions in 2014 and 2015. Initial Appeal File (IAF), Tab 1 at 3, Tab 3 at 3. In support of his appeal, he provided a confirmation notice that he received from the USA Staffing Application Manager concerning his submission for a Locksmith position under Job Announcement Number 8I-Eglin-1370013-365266 (Vacancy ID 1370013) on April 13, 2015, and his responses to the questionnaire that he submitted for the position. IAF, Tab 1 at 6-7. He also submitted an April 13, 2015 electronic submission from the U.S. Department of Labor's (DOL) Veterans' Employment & Training Service (VETS) assigning an investigator to his complaint concerning his application for a Locksmith position under Job Announcement Number 8I-Eglin-1248355-241224-YDC (Vacancy ID 1248355). *Id*. at 8. VETS also assigned Veterans' Preference Case No. AL-2015-008-VPH for "all future contacts" about his case. *Id*.

¶3      The administrative judge informed the appellant that he appeared to be raising a claim under VEOA and provided him with the necessary information concerning the jurisdictional issues and the steps he was required to take to show that the Board should not dismiss his appeal for lack of jurisdiction or untimeliness.[2] IAF, Tab 6. The administrative judge specifically ordered the appellant to submit evidence and argument to prove that he had exhausted the

---

[2] On his appeal form, the pro se appellant indicated that the agency subjected him to a negative suitability determination; however, the administrative judge found that the appellant actually intended to bring a nonselection appeal under VEOA. IAF, Tab 9, Initial Decision (ID) at 1 n.1. The appellant does not dispute this finding on review.

DOL complaint process and to provide a statement that would satisfy his burden regarding the other jurisdictional requirements for a VEOA claim. *Id*. at 6-7.

¶4    In response to the jurisdictional order, the agency argued that the appellant failed to provide a copy of the complaint that he filed with DOL or any information about DOL's determination of his complaint. IAF, Tab 7 at 4. The appellant responded by arguing that he filed a timely appeal and he reasserted his belief that the agency should have considered his prior service in the U.S. Air Force and his experience and training in locksmithing.[3] IAF, Tab 8 at 3. The appellant also submitted: his résumé; illegible pages from his November 1, 2014 submission for a Locksmith position under Vacancy ID 1248355; correspondence from VETS acknowledging that he filed a VEOA complaint (Case No. AL-2015-008-VPH) with DOL on April 13, 2015, concerning his nonselection for Vacancy ID 1248355;[4] and an MSPB e-Appeal technical support ticket dated August 5, 2015. IAF, Tab 8 at 4-11.

¶5    Based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction under VEOA, finding that the appellant failed to prove that he exhausted his remedies before DOL. IAF, Tab 9, Initial Decision (ID) at 3. The appellant filed a petition for review and submitted documentation relevant to the jurisdictional issue. Petition for Review (PFR) File, Tab 3. The agency filed a response in opposition to his petition, and the appellant replied. PFR File, Tabs 5-6.

¶6    To establish that the Board has jurisdiction over his appeal under VEOA, the appellant must: (1) show that he exhausted his remedy with DOL; and (2) make a nonfrivolous allegation that (a) he is a preference eligible within the

---

[3] The appellant argues that he applied for a Locksmith position and, although he was qualified for the position, the agency reposted the vacancy without hiring him. IAF, Tab 1 at 3, Tab 8 at 3.

[4] The electronic submission from VETS is a duplicate copy of a document that the appellant attached to his appeal. IAF, Tab 1 at 8.

meaning of VEOA; (b) the action at issue took place on or after the October 30, 1998 enactment of VEOA; and (c) the agency violated his rights under a statute or regulation relating to veterans' preference. *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 6 (2008). The Board has held that an allegation in general terms that an appellant's veterans' preference rights were violated is sufficient to meet the nonfrivolous allegation requirement. *Id*., ¶ 7.

¶7 To meet the VEOA requirement that he exhaust his remedy with DOL, the appellant must establish that: (1) he filed a complaint with the Secretary of Labor; and (2) the Secretary of Labor was unable to resolve the complaint within 60 days or has issued a written notification that the Secretary's efforts have not resulted in resolution of the complaint. *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 7 (2007). Based on the appellant's failure to provide sufficient proof of exhaustion on appeal below, the administrative judge appropriately determined that the Board lacked jurisdiction over this appeal pursuant to VEOA. ID at 2-3. For the first time on review, however, the appellant submits evidence showing that he exhausted the DOL complaint process concerning his nonselection for the Locksmith position announced under Vacancy ID 1370013.[5] PFR File, Tab 1 at 7.

¶8 The record now reflects that the appellant satisfied the remaining requirements for establishing the Board's jurisdiction over his appeal under

[5] The issue of Board jurisdiction may be raised at any time during a proceeding. *Morgan v. Department of the Navy*, 28 M.S.P.R. 477, 478 (1985). On review, the appellant submits: the May 26, 2015 letter that he received from DOL referring to Case No. AL-2015-008-VPH and informing him that DOL had completed its investigation of his veterans' preference "complaints"; the veterans' preference complaint he filed with DOL on April 13, 2015, concerning Vacancy ID 1370013; and his May 18 email notifying DOL that he intended to pursue his nonselection claim before the Board. PFR File, Tab 3 at 21, 23, 25. Although the appellant's new evidence pre-dates the issuance of the initial decision, we have considered it. We further note that the appellant's response to the jurisdictional order on appeal reflected his confusion about the required documentation to establish jurisdiction, and he submitted proof of his diligent but unsuccessful search for pro bono representation. PFR File, Tab 1 at 3, Tab 3 at 26, Tab 6 at 3.

VEOA. Specifically, he made nonfrivolous allegations that: (a) he is a preference eligible within the meaning of VEOA; (b) the action at issue took place after the October 30, 1998 enactment of VEOA; and (c) the agency failed to consider his training and experience when reviewing his application for Vacancy ID 1370013, which is an alleged violation of his veterans' preference rights under 5 U.S.C. § 3311 and 5 C.F.R. § 302.302. IAF, Tab 1 at 1, 6, Tab 3 at 3, Tab 7 at 8, 28, Tab 8 at 3; PFR File, Tab 3 at 20; *see Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 7 (2014); *Haasz*, 108 M.S.P.R. 349, ¶ 7 (explaining that an appellant's allegation, in general terms, that his veterans' preference rights were violated is sufficient to meet the nonfrivolous allegation requirement).

¶9        Accordingly, we find that the appellant exhausted the DOL complaint process and established the Board's jurisdiction under VEOA based on an alleged violation of his veterans' preference rights concerning his nonselection under Vacancy ID 1370013. The record reflects that the appellant timely filed his VEOA appeal with the Board on June 19, 2015, which is within 15 days after the date that he received written notice from DOL of the results of its investigation. *See* 5 U.S.C. § 3330a(d)(1); IAF, Tab 1 at 4; PFR File, Tab 3 at 21. We therefore remand this appeal for further adjudication of the appellant's VEOA claim concerning his nonselection under Vacancy ID 1370013.

¶10       The Board may decide a VEOA appeal on the merits without holding a hearing where there is no genuine dispute of material fact and one party must prevail as a matter of law once the record has been adequately developed. *Haasz*, 108 M.S.P.R. 349, ¶¶ 9-10. We decline to rule on the merits at this time because the jurisdictional order issued below stated that, if the appellant established jurisdiction, the parties would have an opportunity to submit evidence and arguments on the merits of the appeal at a hearing or through further development of the written record. IAF, Tab 3 at 7. The appellant did not request a hearing; however, we find that the administrative judge should provide the parties with

notice and an opportunity to make submissions regarding the merits of the appeal prior to the issuance of a decision on the merits. *See Jarrard v. Department of Justice*, 113 M.S.P.R. 502, ¶ 11 (2010). Thus, under the circumstances remand is appropriate.

¶11    Because the appellant filed evidence on review indicating that he may have exhausted the DOL complaint process regarding his nonselection claim concerning Vacancy ID 1248355, the Board may have jurisdiction over that claim as well.[6] Although the Board uses a liberal pleading standard for allegations of veterans' preference violations in VEOA appeals, evidence of the exhaustion requirement is mandatory under the statute and is not subject to the same liberal construction. *Burroughs v. Department of the Army*, 115 M.S.P.R. 656, ¶ 10, *aff'd*, 445 F. App'x 347 (Fed. Cir. 2011), and *overruled on other grounds by Dean v. Department of Labor*, 122 M.S.P.R. 276, ¶ 15 (2015), *aff'd*, 808 F.3d 497 (Fed. Cir. 2015). On remand, the administrative judge should reconsider any new evidence of exhaustion concerning the appellant's VEOA claim challenging his nonselection for the Locksmith position announced under Vacancy ID 1248355 and adjudicate the merits if jurisdiction is found. IAF, Tab 1, Tab 8 at 11.

---

[6] On review, the appellant provided a copy of the veterans' preference complaint he filed with DOL on April 13, 2015, concerning Vacancy ID 1370013. PFR File, Tab 3 at 22-24. The case reference number on that complaint is AL-2015-008-VPH. *Id*. at 22. The appellant provided evidence on appeal showing that he raised a claim also regarding his nonselection under Vacancy ID 1248355 in the VEOA complaint he filed with VETS in April 2015, and VETS also referred to that VEOA complaint as Case No. AL-2015-008-VPH. IAF, Tab 1 at 8, 10. Thus, it appears that both of the complaints that he filed with DOL had the same case number, and DOL referred to Case No. AL-2015-008-VPH in the May 26, 2015 letter informing the appellant that DOL completed its investigation of his VEOA "complaints" against the agency. PFR File, Tab 3 at 21.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:            _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.